### WILSON v. DAVIS

—

(June 24, 1929. Opinion and Decree.)
(October 21, 1929. Rehearing Refused.)
(December 3, 1929. Writ of Certiorari and Review Refused by Supreme Court.)

—

John B. Jouandot and Frank Le Court, of New Orleans, attorneys for plaintiff, appellee.

J. C. McGee, of New Orleans, attorney for defendant, appellant.

JANVIER, J. This is a suit for the return of money claimed to have been loaned. The defense is a plea of payment by the return of cash and other considerations, such as board and lodging, various drugs, medicines, etc.

Between November 14, 1922, and April 18, 1923, plaintiff turned over to defendant the aggregate sum of $2,000.

He avers that defendant promised to return it in installments of $100 each month, with interest at 8 per cent, and admits the return either in cash or its equivalent of $675, and brings this suit for the alleged unpaid balance and for interest.

Defendant and his wife, both registered pharmacists, operate a drug store located in a building in which they also maintain their residence. They contend that at the urgent request of plaintiff they agreed to furnish him a room and such meals as he might require, and that his reason for desiring to live with them was that he was suffering from tuberculosis, and, being alone in the world, wanted the care and attention which they, both as friends and pharmacists, could give him.

They testify that he was so anxious to make the arrangement mentioned that, when they demurred, he voluntarily deposited with them the $2,000, referred to, not as a loan, but in order to guarantee them full payment for board and lodging and such drugs, medicines, and other services, as they might furnish him.

Plaintiff maintains, however, that it was not at his solicitation that he went to live with defendant and his wife, and that the $2,000 referred to was not turned over gratuitously by him, but was loaned only on the urgent request of defendant.

The question presented for determination is exclusively one of fact, i. e., how much, either in cash or otherwise, was returned to defendant by plaintiff.

Since the defense is a plea of payment, the burden of proof is, of course, on defendant. Defendant alleges that he has returned to plaintiff in cash, in medicine, in the payment of doctor's bills, and in board and lodging, more than the $2,000 advanced. His testimony in this regard is corroborated by that of his wife, but is contradicted by plaintiff, by the correspondence of defendant himself, by Dr. Menendez, and by Mr. Gelbke.

After plaintiff's health became bad and he was sent West by his physician, his funds became seriously depleted, and he communicated with defendant in an effort to persuade him to return the balance of the $2,000. There are in the record four letters of defendant answering various re-

quests of plaintiff, and in none of these letters is his present contention set up. In fact, in these letters he refers to the amount due to plaintiff, and indicates plainly that he intended to repay it as soon as possible.

Not being successful in his efforts to secure reimbursement by correspondence, plaintiff, who was a railroad employee, communicated with his railroad brotherhood and prevailed upon the brotherhood to appoint a committee headed by Mr. Gelbke to call on defendant in an effort to persuade him to pay back the alleged loan.

Mr. Gelbke testified that he, with the other members of the committee, called on Mr. and Mrs. Davis, and that they admitted the indebtedness, and that when he left them he was of the opinion that they were going to prepare a statement showing the balance due.

Dr. Menendez, who treated Wilson for injuries which he had, at one time, sustained, testified that the defendant admitted to him that he owed Wilson money.

The evidence, as a whole convinces us that defendant is indebted to plaintiff, and, as the only question involved is one of fact, we see no reason to disturb the finding of the trial judge.

In addition to the credits allowed by plaintiff, the lower court recognized that Davis had assumed the payment of the bill of Dr. Menendez amounting to $200, and therefore allowed it as an additional credit.

Objections were made by defendant's counsel to the fact that plaintiff was allowed to refresh his memory from memoranda made by him from his original railroad records. As the originals were not available, and as both the originals and the memoranda were made by plaintiff, we see nothing objectionable in the ruling of the trial judge allowing him to refer to the memoranda. Furthermore, the testimony given as a result of the memoranda was in no way harmful to defendant.

It is therefore ordered, adjudged and decreed that the judgment appealed from be, and it is, affirmed, at the cost of appellant.